**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6364**

ARSENIO C. BRUNDIDGE,

　　　　　Petitioner - Appellant,

　　　v.

WARDEN JASON C. STREEVAL,

　　　　　Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Norman K. Moon, Senior District Judge.  (7:20-cv-00553-NKM-JCH)

Submitted:  June 7, 2023                                Decided:  June 22, 2023

Before AGEE and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Arsenio C. Brundidge, Appellant Pro Se.  Laura Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arsenio C. Brundidge, a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 petition, in which he sought to challenge his conviction by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We have reviewed the record and find no reversible error. Brundidge contends that his conviction is invalid following *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that conviction under 18 U.S.C. §§ 922(g), 924(a) requires proof that defendant knew of his prohibited status). However, because Brundidge was convicted under the penalty provision found in § 924(e)(1), rather than § 924(a), *Rehaif* has no effect on his conviction. *Cf. In re McNeill*, __ F.4th __, No. 20-159, 2023 WL 3573557, at *5-6 (4th Cir. May 22, 2023). Thus, Brundidge has not established a substantive change in the law after which the conduct for which he was convicted—possessing a firearm after having previously been convicted of three violent felonies or serious drug offenses—is no longer criminal.

2

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*